## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOWARD PAGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1546-JLH-LDH |
| | ) | |
| THE FAMILY COURT OF THE STATE | ) | |
| OF DELAWARE et al, | ) | FILED |
| | ) | |
| Defendants. | ) | MAY 1 3 2026 |

U S. DISTRICT COURT DISTRICT OF DELAWARE

### REPORT AND RECOMMENDATION

Plaintiff Howard Page, Jr., an inmate at James T. Vaughn Correction Center, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5).[1] The Court dismissed Plaintiff's Complaint without prejudice under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) because it failed to state a claim and because it sought relief from defendants who are immune. (D.I. 8). Plaintiff filed an Amended Complaint, which this Court now screens under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) and recommends that the Amended Complaint be dismissed without prejudice.[2]

### I.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

---

[1]    Plaintiff was ordered to remit an initial partial filing fee of $4.34. (D.I. 5), which has not been received by the Court. As explained below, Plaintiff shall remit such partial filing fee prior to filing any second amended complaint.

[2]    Although Plaintiff was granted leave to file an Amended Complaint on or before April 2, 2026 (D.I. 8), Plaintiff's Amended Complaint was not filed until April 7, 2026. (D.I. 10). As explained below, any subsequent late filing(s) of any pleading will result in case closure.

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-

pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.    DISCUSSION

Plaintiff's Amended Complaint is difficult to decipher, but he appears to contend that Defendant Detective Lindsay Coleman and Defendant Attorney General Kathleen Jennings withheld certain "double hearsay evidence" from state grand jury proceedings that amounted to perjury and/or a wrongful conviction in an unspecified state proceeding. (D.I. 10 at 4-5). He also appears to claim that Defendants "DFS Workers" Elizabeth Kennedy and Brandy Parks withheld this "double hearsay" evidence in an unspecified "Family Services" record that contributed to the wrongful conviction. (*Id.* at 6). The Amended Complaint requests (among other things) Plaintiff's release from state detention and monetary relief. (*Id.*)

The Amended Complaint fails to state a plausible claim upon which this Court may grant relief. Plaintiff's bare assertions of "perjury" and "double hearsay evidence" do not explain what Defendants lied about. Nor does the Amended Complaint allege any other facts that would suggest a plausible claim against Defendants.

The Amended Complaint is also deficient because, as this Court explained to Plaintiff in dismissing his original Complaint, "to the extent Plaintiff seeks release based on alleged state actions resulting in his current pretrial confinement (as opposed to the conditions of his confinement), Plaintiff cannot seek relief from this Court, *see Younger v. Harris*, 401 U.S. 37, 54

3

(1971) (explaining that federal courts cannot interfere with ongoing state judicial proceedings that implicate important state interests and afford an adequate opportunity to raise federal claims)" (D.I. 8 at 2).

Further, as to Defendant Jennings, the facts alleged do not explain how Defendant Jennings was involved in a case in which Plaintiff was wrongfully convicted, and a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). To the extent that Defendant Jennings had any role, she receives prosecutorial immunity "for actions performed in a judicial or 'quasi-judicial' capacity," *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), and while "functioning as the state's advocate when performing the action(s) in question," *id.*; *see also Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

Accordingly, the Court recommends that the Amended Complaint (D.I. 10) be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III.    CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Amended Complaint (D.I. 10) be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court FURTHER RECOMMENDS that Plaintiff be granted leave to file a second amended complaint on or before June 10, 2026. IT IS FURTHER RECOMMENDED that the Clerk of Court is directed to CLOSE this case if Plaintiff does not both timely file a second amended complaint and does not remit the initial partial filing fee of $4.34.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall

4

be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: May 13, 2026

_____
United States Magistrate Judge

5